IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

**MARK S. GURALNICK**
*A Professional Corporation*
By:  Mark S. Guralnick, Esq.
NJ Attorney ID No.  000241985
By: Jasmine A. Vega, Esq.
NJ Attorney ID No. 494372024
926 Haddonfield Road, Suite E222
Cherry Hill, NJ 08002
Phone: (856) 983-9900
Fax: (800) 613-2585
msg@guralnicklegal.com
*Attorneys for the Plaintiffs*

| | |
|---|---|
| M.C., a minor, by her legal guardians, Lanique Grimes and Karena Dennis, and LANIQUE GRIMES individually and KARENA DENNIS, individually<br><br>     *Plaintiffs,*<br> vs.<br><br>HARD ROCK HOTEL & CASINO ATLANTIC CITY, HARD ROCK INTERNATIONAL, HARD ROCK INTERNATIONAL (USA), INC., HARD ROCK ATLANTIC CITY, LLC, SEMINOLE TRIBE OF FLORIDA JACK MORRIS, on behalf of the MORRIS FAMILY, EDGEWOOD PROPERTIES, INC. JOSEPH R.  JINGOLI, JR. and MICHAEL D.JINGOLI, each individually and on behalf of the JINGOLI FAMILY, JOSEPH JINGOLI & SON, INC. also doing business as, or trading as Jingoli Construction and as DCO Energy ABC CORP, DEF INC., GHI, LLC, XYZ, LP, JOHN DOES 1 THROUGH 10 and JANE DOES 1 THROUGH 10,<br>     *Defendants* | CIVIL ACTION<br><br>NO.<br><br><br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |



Plaintiff M.C., a minor child, by and through her legal guardians, Lanique Grimes and Karena Dennis, *AND* LANIQUE GRIMES and KARENA DENNIS, each individually and in their own rights, all residing in Stamford, Connecticut, (hereinafter collectively "Plaintiff" or "Plaintiffs"), by way of Complaint against the Defendants captioned above, state as follows:

## NATURE OF ACTION

1. This is a personal injury matter, based on diversity jurisdiction, brought by Plaintiff against the Hard Rock Hotel & Casino in Atlantic City, New Jersey and its owners and operators for injuries she sustained when her leg got caught on a moving escalator.

## JURISDICTION, VENUE AND VICINAGE

2. The Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) because all Plaintiffs and all Defendants are citizens of different States and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff is a citizen of Connecticut, and Plaintiff's co-guardians are likewise citizens of Connecticut. Defendants are each citizens of the State of New Jersey or states other than Connecticut.

3. Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(2), because it is where a substantial part of the events giving rise to Plaintiff's claims occurred.

4. This matter arises in Atlantic County, New Jersey and is therefore assigned to the Camden Vicinage of the United States District Court for the District of New Jersey.

## THE PARTIES

5. Plaintiff M.C. is a minor child, born April 18, 2014, under the care and legal guardianship of her adult co-guardians, LANIQUE GRIMES and KARENA DENNIS, all of whom are citizens and

residents of the State of Connecticut, residing at 50 Rutz Street, Stamford, CT 06906. Lanique Grimes and Karena Dennis bring this action jointly on behalf of their daughter, M.C., and each of them additionally brings this action individually in their own behalf and in their own right.

6. Defendant HARD ROCK HOTEL & CASINO ATLANTIC CITY ("Hard Rock Hotel") is a hotel and casino, open to the public, and situated at 1000 Boardwalk, Atlantic City, New Jersey.

7. Defendant HARD ROCK INTERNATIONAL ("Hard Rock Internat'l") is a business entity based in Florida, regularly doing business in Atlantic County, New Jersey, and functioning as an owner and operator of the Hard Rock Hotel & Casino Atlantic City. Its headquarters are at 5701 Stirling Road, Davie, FL 33314.

8. Defendant HARD ROCK INTERNATIONAL (USA), INC. ("Hard Rock USA") is a business corporation based in Florida, regularly doing business in Atlantic County, New Jersey, and functioning as an owner and operator of the Hard Rock Hotel & Casino Atlantic City. Its headquarters are at 5701 Stirling Road, Davie, FL 33314.

9. Defendants HARD ROCK ATLANTIC CITY, LLC ("Hard Rock LLC") is, and at all times material hereto, was a domestic limited liability company of the State of New Jersey, originally chartered on May 19, 2009, with a principal business address at 6100 Old Park Lane, Orlando, Florida, and registered New Jersey address at CT Corporation System, 820 Bear Tavern Road, West Trenton, NJ 08628.

9. Defendant SEMINOLE TRIBE OF FLORIDA ("Seminole") is a federally recognized native American Indian tribe based in Florida, regularly doing business in Atlantic County, New Jersey, and functioning as an owner and operator of the Hard Rock Hotel & Casino Atlantic City. Its headquarters are at 6300 Stirling Road, Hollywood FL 33024.

10. Defendant JACK MORRIS ("Morris") is an adult individual, residing at 9 Todd Court, Bridgewater, NJ 08807, who serves as the president and CEO of Edgewood Properties, Inc., and who individually and/or on behalf of the Morris Family co-owns the Hard Rock Casino and Hotel Atlantic City.

11. Defendant EDGEWOOD PROPERTIES, INC. ("Edgewood") is a domestic corporation of the State of New Jersey, chartered on February 6, 1992, with its main business address at 1260 Stelton Road, Piscataway, NJ 08854, and with its resident agent designated as Sheryl Weingarten at the same Piscataway address. Edgewood is a real estate management and development company which also maintains a principal address at 444 Hoes Lane, Suite 200, Piscataway, NJ 08854. On information and belief, Edgewood co-owns and/or co-operates the Hard Rock Casino and Hotel Atlantic City.

12. Defendants JOSEPH R. JINGOLI JR. and MICHAEL D. JINGOLI (collectively, "Jingoli") are the co-CEOs of Joseph Jingoli & Son, Inc., based at 100 Lenox Drive, Suite 100, Lawrenceville, New Jersey, who each individually and on behalf of the JINGOLI FAMILY co-own the Hard Rock Casino and Hotel Atlantic City. On information and belief, Joseph R. Jingoli Jr. resides at either 21 Coral Tree Court, Lawrence Township, New Jersey 08648-4816 or 4501 Boardwalk, Atlantic City, New Jersey 08401-5752, and Michael D. Jingoli resides at 5 Dorchester Court, Princeton, NJ 08540-4324.

13. Defendant JOSEPH JINGOLI & SON, INC., also doing business as Jingoli Construction and as DCO Energy ("JJ&S") is a domestic corporation of the State of New Jersey, chartered on March 23, 1964, with its main business address at 100 Lenox Drive, Suite 100, Lawrenceville, NJ 08648, and with its resident agent designated as Joseph R. Jingoli, Jr. at the same Lawrenceville address. JJ&S is a construction management and infrastructure solutions service provider which, on information and belief, co-owns and/or co-operates the Hard Rock Casino and Hotel Atlantic City.

14. Defendants ABC CORP, DEF INC., GHI, LLC, XYZ, LP, JOHN DOES 1 THROUGH 10 and JANE DOES 1 THROUGH 10, referred to collectively hereinafter as simply "ABC, et al.") are fictitious names for the as-yet-unidentified business entities and individual persons who are liable or substantially liable to the Plaintiff for the damages arising under the claims set forth below. Plaintiff reserves the right to amend and supplement this pleading to add the actual identities of these fictitiously named parties, upon discovery thereof, and to plead the claims against them more fully, upon discovery thereof, with all such amendments relating back to the original date of filing hereof.

15. For purposes of brevity and clarity, unless otherwise specified, Defendants Hard Rock Hotel, Hard Rock International, Hard Rock USA, and Hard Rock LLC shall be referred to collectively hereunder as simply "Hard Rock."

## CAUSES OF ACTION

### *COUNT ONE -- NEGLIGENCE*

16. On or about July 26, 2023, Plaintiffs were guests, visitors, customers and business invitees of the Hard Rock Hotel and Casino Atlantic City.

17. On the said date and at the said place, as Plaintiffs attempted to move throughout the Hard Rock Hotel property, they approached an escalator between the second floor and the first floor.

18. As minor Plaintiff M.C. boarded the escalator with the intention and purpose of riding it and descending to the lower level, her foot became trapped and stuck in the escalator because of a defect in the design, assembly, maintenance, and operation of the moving stairs.

19. At all times material hereto, the escalator was under the control, supervision and management of one or more of the Defendants named herein, and said Defendants were responsible for the design, assembly, maintenance and operation of the said escalator.

20. At no time prior to Plaintiff's boarding of the escalator did Defendants, or any of them, warn the Plaintiff or her guardians of the defects, dangers or risks associated with the said escalator, nor did they warn the Plaintiffs of the condition of the escalator and the dangers inherent in those conditions, or which came to exist as a result of the defects or poor maintenance of the escalator.

21. At all relevant times, Defendants knew, or in the exercise of reasonable and ordinary care should have known, that the escalator was dangerous, that the condition of the escalator was deficient and that the operation and movement of the escalator stairs posed a foreseeable risk of harm to guests, visitors, customers and business invitees such as the Plaintiff herein.

22. At all such times, Defendants owed a duty to such hotel guests and invitees to maintain a safe escalator, properly operating and properly maintained, and to ensure that their hotel property was safe for navigating on foot throughout the premises and between the various floors of the facility. Said duty included a duty to provide effective and timely warnings of known and foreseeable dangers and risks that might harm adults and children on the hotel property.

23. Negligently, Defendants breached the said duties, failed to warn the Plaintiffs of the dangers aforesaid, and failed to make the premises safe for the benefit of their guests, visitors and invitees.

24. More specifically, the Plaintiff's fall was caused by the negligence of the Defendants for that, among other acts and omissions, the Defendants each, or in combination with each other:

    a. Failed to properly supervise the common area in question so as to furnish the Plaintiff a safe area to walk, free from hazards, which were recognized, or should have been recognized by Defendants as causing, or likely to cause, serious physical harm to the Plaintiff and others;

    b. Failed to maintain their premises in a safe condition to ensure that the Plaintiff would not be caused to slip and fall which were known or should have been known to the Defendant.

    c. Failed to properly inspect the premises wherein the Plaintiff was caused to slip and fall.

    d.    Failed to maintain the premises in a good and safe condition for the Plaintiff and others;

    e.    Otherwise failed to exercise the degree of care required under the circumstances then and there existing; and

    f.    Otherwise was negligent.

25.    As a direct and proximate result of the negligence of the Defendants, the Plaintiff:

    a.    Suffered serious and painful bodily injuries, great physical pain and mental anguish, and severe and substantial emotional distress, including but not limited to severe and permanent injury to her right foot, loss of one or more toenails; deformity and disfigurement of the distal portions of Plaintiff's extremities; long-lasting and/or permanent interference with Plaintiff's ability to mobilize, walk and run and exercise, and limitations in her range of motion;

    b.    Was, is, and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain and suffering;

    c.    Was, is, and will be precluded from engaging in normal activities and pursuits; and

    d.    Otherwise was hurt, injured, and caused to sustain losses.

26. All of the Plaintiff's losses were, are and will be solely to and by reason of the recklessness, carelessness, and negligence of the Defendants herein.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants Hard Rock, Seminole, Morris, Edgewood, Jingoli, JJ&S, and ABC, et al., individually, jointly, severally, and in the alternative, for damages, including both economic and non-economic damages, for pre-judgment and post-judgment interest thereon, for court costs and attorney's fees, and for such other relief as the court deems appropriate.

### *COUNT TWO – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS*

27. Plaintiffs incorporate herein by reference paragraphs 1 through 26 above as if they were reiterated hereunder at length.

28. At all times material hereto, it was the negligence of the Defendants herein that caused the serious physical injuries suffered by the Plaintiff M.C.

29. Plaintiffs Lanique Grimes and Karena Dennis, at all such times, each shared a parental and and intimate familial relationship with M.C.

30. Plaintiffs Lanique Grimes and Karena Dennis each witnessed their child, M.C., getting struck on the escalating and getting injured by the defective and dangerous escalator stair, at the time and place when it occurred, and they each further saw the child, reeling in pain, in the immediate aftermath thereof, experiencing in real time a sensory and contemporaneous observation of their child's injuries at the scene of the accident.

31. As a direct and proximate result of the shock, fear, alarm and agony which Plaintiffs Grimes and Dennis sustained in the moments in which their child was trapped and injured by the escalator, and when she then suffered excruciating pain, Plaintiffs Grimes and Dennis suffered several emotional distress of their own, which continues to this day.

**WHEREFORE,** Plaintiffs Lanique Grimes and Karena Dennis, each in their own right, demand judgment against the Defendants Hard Rock, Seminole, Morris, Edgewood, Jingoli, JJ&S, and ABC, et al., individually, jointly, severally, and in the alternative, for damages, including both economic and non-economic damages, for pre-judgment and post-judgment interest thereon, for court costs and attorney's fees, and for such other relief as the court deems appropriate.

                                                  MARK S. GURALNICK
                                                  *A Professional Corporation*

                                        By:_____
                                            **Mark S. Guralnick, Esq.**
                                            Attorney for the Plaintiffs

DATED: July 21, 2025

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Plaintiffs each respectfully demand a trial by jury on all claims and issues so triable.

**MARK S. GURALNICK**
*A Professional Corporation*

By:_____
**Mark S. Guralnick, Esq.**
Attorney for the Plaintiffs

DATED: July 21, 2025